IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Janvier Duvall Collins, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>Eddie L. Pearson, )<br>    Respondent. ) | 1:15cv807 (GBL/TCB) |

## MEMORANDUM OPINION

Janvier Duvall Collins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Chesapeake, Virginia. On November 19, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits. Dkt. Nos. 11, 12, 13. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a response. Dkt. No. 18. For the reasons that follow, petitioner's claims must be dismissed. Petitioner's pending motions must be denied, as moot.

### I. Background

Petitioner is confined, in part, pursuant to a judgment of the Circuit Court of the City of Chesapeake on April 26, 2012, wherein after a bench trial, he was convicted of possession of marijuana with intent to distribute, falsely identifying himself to a law enforcement officer, and carrying a concealed weapon. CR11-1670-00, -01, -02. Petitioner was sentenced to a prison term of 10 years, with 7 years suspended, fined $2,500 on the drug possession offense, and was additionally sentenced to 12 months in jail and fined $100 on each of the other two offenses. Petitioner pursued a direct appeal to the Court of Appeals of Virginia. A single judge refused his

petition for appeal on February 11, 2013, and a three-judge panel likewise refused it on June 21, 2013. Rec. No. 1270-12-1. On November 19, 2013, the Supreme Court of Virginia procedurally dismissed petitioner's second-tier petition for appeal, for failure to timely file the trial transcripts. Rec. No. 131334.

On August 28, 2014, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia attacking the validity of his convictions. Rec. No. 141330. In that petition, petitioner substantially raised all of the present allegations. The Supreme Court of Virginia dismissed petitioner's state habeas petition on May 18, 2015.

On June 9, 2015, petitioner filed the instant petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, alleging that:

1. The trial court lacked subject matter jurisdiction inasmuch as the indictments were invalid;

2. The trial court lacked subject matter jurisdiction and jurisdiction generally because petitioner is a sovereign Moorish national who has invoked his immunities;

3. The record does not demonstrate proper indictments were ever returned, and the trial court thus lacked subject matter jurisdiction and jurisdiction generally;

4. The petitioner is a foreign sovereign who is immune from personal arrest and detention, and thus the trial court lacked subject matter jurisdiction and jurisdiction generally.

See Dkt. No. 1.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a

2

state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke,

545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

#### Claims 1 and 3

In both Claim 1 and Claim 3, petitioner essentially alleges that the trial court lacked subject matter jurisdiction because the indictments were invalid. Neither Claim 1 nor Claim 3 constitutes a federal constitutional claim, and therefore neither Claim 1 nor Claim 3 is reviewable on federal habeas corpus. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Taylor, 170 F.3d 466, 470 (4th Cir. 1999). Additionally, the Supreme Court of Virginia reasonably upheld the legality of the indictments:

> The record, including the July 5, 2011 indictment for possession of marijuana with intent to distribute, which was signed by the foreman of the grand jury, the October 13, 2011 order memorializing the actions of the July 5, 2011 grand jury, and page two of the circuit court's record book for the July 11, 2011 term, demonstrates that petitioner was indicted by the grand jury, the indictment was presented in open court, and that fact was recorded.

Rec. No. 141330, May 18, 2015 Order at 2. Accordingly, Claims 1 and 3 are not reviewable by this Court, and even if they were, Claims 1 and 3 are without merit and must be dismissed.

#### Claims 2 and 4

In Claims 2 and 4 petitioner claims that the trial court lacked subject matter jurisdiction and jurisdiction generally because petitioner is a sovereign Moorish national who invoked his immunities. Neither Claim 2 nor Claim 4 is cognizable on federal habeas review because neither claim raises a federal constitutional issue. Estelle, 502 U.S. at 67-68; Thomas, 170 F.3d at 470. Assuming arguendo that the present allegations are cognizable on federal habeas, the Supreme Court of Virginia's dismissal of a similar claim was reasonable within the meaning of 28 U.S.C. § 2254(d). The Supreme Court of Virginia found that the claim was without merit: "Petitioner's

4

alleged status as a citizen of the Moorish America Indigenous Republic did not deprive the circuit court of subject matter jurisdiction. See Code § 17.1-513 (circuit courts have original jurisdiction over 'all indictments for felonies and of presentments, information and indictments for misdemeanors.')." Rec. No. 141330, May 18, 2015 Order at 1-2. Accordingly, Claims 2 and 4 are not reviewable by this Court, and even if they were, they are completely meritless and must be dismissed.

## IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this ____ day of _____ 2016.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Janvier Duvall Collins,<br>    Petitioner,<br><br>v.<br><br>Eddie L. Pearson,<br>    Respondent. | )<br>)<br>)<br>)   1:15cv807 (GBL/TCB)<br>)<br>)<br>) |

ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that respondent's Motion to Dismiss (Dkt. No. 11) be and is GRANTED; and it is further

ORDERED that petitioner's Motion to Deny Respondent's Motion to Dismiss (Dkt. No. 19) be and is DENIED; and it is further

ORDERED that petitioner's "Request for Record of Contracts, Promises and or Delegation of Authority" (Dkt. No. 20) be and is DENIED, AS MOOT; and it is further

ORDERED that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be and is DISMISSED, WITH PREJUDICE

This is a Final Order for purposes of appeal. To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For reasons stated in

the accompanying Memorandum Opinion, this Court expressly declines to issue such a certificate.

The Clerk is directed to enter final judgment in favor of respondent, pursuant to Fed. R. Civ. P. 58, to send a copy of this Order and the Memorandum Opinion to petitioner and to counsel of record for respondent, and to close this civil case.

Entered this ____ day of _____ 2016.

Alexandria, Virginia

                                              /s/
                                     Gerald Bruce Lee
                                     United States District Judge